McFARLAND, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 29, 1897.) Action by Peter McFarland against the New York Central & Hudson River Railroad Company. No opinion. Order affirmed, with costs. See 41 N. Y. Supp. 525.

FOLLETT, J. (dissenting). At folios 517 and 518 the court charged as follows: "Did he, in making that coupling, because he did make it,—perfected it, the coupling was done,—did he, in getting away his hand from the place where the coupling was made, exercise for his own safety all that reasonable care which an ordinarily prudent and careful man would exercise in his own behalf? What is the test of that? The test is, simply, put yourself in his place. There is no more proper test for you to apply. Every juryman is supposed to be of ordinary degree of perfection of his faculties, of ordinary ability to exercise his faculties, of presence of mind. Let each juryman, then, for himself, in determining this question, put himself exactly in the place of this plaintiff, and say whether, had I, the individual juryman, been there as brakeman, required to make that coupling, would I have done as the plaintiff did; would I have omitted anything which the plaintiff omitted?" To this instruction the defendant excepted. This instruction, I think, was error. The test is not what a person without experience in the business would have done, but what an experienced brakeman, having knowledge of the duties of his service, should have done. The care and diligence required was that which a person skilled in the business should have exercised. Whether the plaintiff exercised due care should have been determined by the jury upon the evidence, and not by allowing them to imagine themselves to have been in the place of the brakeman, and permitting them to determine the question of diligence by what they would have done under the circumstances. Permitting jurymen to imagine themselves in the place of a plaintiff engaged in a service requiring special skill and knowledge, and instructing them that they may determine whether the plaintiff contributed by his negligence to the accident by the test of what they would have

done under the circumstances, is error. Suppose the question had arisen whether an employer operating a railroad, or a factory filled with complicated machinery, exercised due care in permitting the equipment or machinery complained of to be used, would it be proper to instruct jurymen unskilled in the business to imagine themselves in the place of the employer, and say what they would have done under the circumstances, and that, if they would have done as the employer did, negligence was not shown? I think not. The question of negligence or diligence must be determined on the evidence in the case, and not upon what the jurymen would have done, or omitted to do, had they been in the place of either party. On the first appeal it was held (9 App. Div. 628, 41 N. Y. Supp. 525) that the evidence did not justify the jury in finding that the position of one of the bumpers on the Pittsburg, Ft. Wayne & Chicago car No. 7,609 was the cause of the accident, and I am of the opinion that the evidence contained in the present record is not sufficient to justify the submission to the jury of the question whether the position of the bumper was the cause of the accident. The order denying defendant's motion made on the minutes for a new trial should be reversed, and a new trial granted, with costs to abide the event. GREEN, J., concurs.